LATHAM & WATKINS LLP
Michael H. Rubin (CA Bar No. 214636)
 michael.rubin@lw.com
Melanie M. Blunschi (CA Bar No. 234264)
 melanie.blunschi@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendant Accellion, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOWELI VUNISA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH NET, LLC, HEALTH NET OF CALIFORNIA, INC., HEALTH NET LIFE INSURANCE COMPANY, HEALTH NET COMMUNITY SOLUTIONS, INC., CALIFORNIA HEALTH & WELLNESS, CENTENE CORPORATION and ACCELLION, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  5:21-cv-03425<br><br>**DEFENDANT ACCELLION, INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF JOWELI VUNISA AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Accellion, Inc. ("Accellion") hereby removes the above-captioned action—with reservation of all defenses and rights—from the Superior Court of California for the County of Santa Clara to the United States District Court for the Northern District of California. The grounds for removal are as follows:

## I.     REMOVAL IS TIMELY

1. On April 6, 2021, Plaintiff Joweli Vunisa ("Plaintiff") filed a complaint (the "Complaint"), on behalf of himself and a putative class, against Health Net, LLC, Health Net of California, Inc., Health Net Life Insurance Company, Health Net Community Solutions, Inc., California Health & Wellness (collectively, "Health Net"), Centene Corporation ("Centene"), and Accellion (collectively, with Health Net and Centene, "Defendants"), and 50 unidentified individuals, in the Superior Court of California for the County of Santa Clara ("Superior Court"). The action is captioned *Joweli Vunisa v. Health Net LLC, Health Net of California, Inc., Health Net Life Insurance Company, Health Net Community Solutions, Inc., California Health & Wellness, Centene Corporation, and Accellion, Inc. and Does 1 to 50 Inclusive*, Case No. 21-CIV-379187.

2. On April 8, 2021, Plaintiff served Accellion with the Complaint, Civil Case Cover Sheet, Civil Lawsuit Notice, and Amended Summons. True and correct copies of these documents are attached hereto as Exhibits 1–5. A true and correct copy of the Proof of Service effected on Accellion is attached hereto as Exhibit 6. All other Defendants have been served, and true and correct copies of the respective Proof of Service filings are attached hereto as Exhibits 7–13. A true and correct copy of the Court's Order Deeming Case Complex & Staying Discovery is attached as Exhibit 14. A true and correct copy of the Superior Court Docket Sheet is attached hereto as Exhibit 16.

3. This Notice of Removal is timely because it has been filed within thirty (30) days of service of the Summons and Complaint upon Accellion. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)

("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons.").

## II.     SUMMARY OF PLAINTIFF'S ALLEGATIONS

4.     Plaintiff's claims arise out of criminal attacks occurring in December 2020 and January 2021 on customers that used Accellion's file transfer appliance software ("FTA") (the "Security Incident"). Health Net used Accellion's FTA software and was among the customers targeted in the attacks. *See* Compl. ¶¶ 1, 45, 84–86. Plaintiff alleges that he is insured through Health Net Community Solutions (a subsidiary of Centene), that "[o]n March 24, 2021, Health Net notified [him] that his [Personally Identifiable Information ('PII')/Personal Health Information ('PHI')] was accessed by unauthorized users as a result of" the Security Incident, and that he has been injured by the alleged unauthorized disclosure of such information. *See* Compl. ¶¶ 17, 121.

5.     Plaintiff states that he is a resident of Sacramento, California, and he purports to bring this action "on behalf of Plaintiff and Class members pursuant to Cal. Code Civ. Proc. § 382" to represent the following putative class: "[a]ll California residents whose PII/PHI was subjected to the" Security Incident. Compl. ¶¶ 14, 118. While Plaintiff asserts that "the exact number of Class members is unknown," he claims that Health Net acknowledges the Security Incident "involved over 9GB of Health Net files," and that "Health Net's notice to the [U.S. Department of Health and Human Services ('HHS')] indicates that over one million individuals were affected" by the Security Incident such that "the Class is so numerous that joinder of all members is impractical." *Id.* ¶ 120.

6.     The Complaint asserts claims against all Defendants for (i) violation of the California Confidentiality of Medical Information Act ("CMIA") (Civ. Code §§ 56, *et seq.*); (ii) violation of the California Consumer Privacy Act of 2018 ("CCPA") (Cal. Civ. Code §§ 1798.100, *et seq.*); (iii) violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); (iv) invasion of privacy; and (v) declaratory relief. Compl. ¶¶ 126–74, 186–89. The Complaint also asserts claims against Health Net and Centene for breach of contract and breach of implied contract. *Id.* ¶¶ 175–85.

### III.   PROCEDURAL BACKGROUND

7. Plaintiff filed this action on April 6, 2021. That same day, a Civil Lawsuit Notice issued in the Superior Court setting an initial Case Management Conference in this case for July 15, 2021. *See* Exhibit 3.

8. On April 8, 2021, the Superior Court issued an Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline ("April 8, 2021 Order"), and ordering counsel for Defendants to file a notice of appearance. *See* Exhibit 14. Pursuant to the April 8, 2021 Order, counsel for Accellion made a limited appearance in the Superior Court on April 19, 2021. *See* Exhibit 15.

9. There have been no further proceedings in this action in the Superior Court.

10. Several other putative class action complaints relating to the Security Incident have been filed in the Northern District of California against Accellion and other FTA customers. The first of those cases, *Brown v. Accellion, Inc.*, Case No. 21-cv-01155-EJD (N.D. Cal.), was filed on February 17, 2021, and since that time at least 12 additional actions have been filed in this District to date. *See Zebelman v. Accellion*, No. 21-cv-01203-EJD (N.D. Cal.) (filed Feb. 18, 2021); *Rodriguez v. Accellion*, No. 21-cv-01272-EJD (N.D. Cal.) (Filed Feb. 22, 2021); *Stobbe v. Accellion, Inc.,* 21-cv-01353-EJD (N.D. Cal.) (filed Feb. 24, 2021); *Price v. Accellion, Inc.*, No. 21-cv-01430-EJD (N.D. Cal.) (filed Feb. 26, 2021); *Bolton v. Accellion, Inc.*, No. 21-cv-01645-EJD (N.D. Cal.) (filed Mar. 8, 2021); *Whittaker v. Accellion*, *Inc.*, No. 21-cv-01708-EJD (N.D. Cal.) (filed Mar. 11, 2021); *Cochran v. The Kroger Co. and Accellion, Inc.*, No. 21-cv-01887-EJD (N.D. Cal.) (filed Mar. 17, 2021); *Beyer v. Flagstar Bancorp., Inc. and Accellion, Inc.*, No. 21-cv-02239-EJD (N.D. Cal.) (filed Mar. 30, 2021); *Sharp v. Accellion, Inc.*, No. 21-cv-02525-EJD (N.D. Cal.) (filed Apr. 7, 2021); *Pollard v. Accellion, Inc. and Flagstar Bancorp, Inc.*, No. 21-cv-02572-EJD (N.D. Cal.) (filed Apr. 8, 2021); *Doe v. Health Net of California, Inc., Health Net, LLC, Accellion, Inc.*, No. 21-cv-02975-EJD (N.D. Cal.) (filed Apr. 23, 2021); *Harbour v. California Health & Wellness Plan, et. al.* No. 21-cv-03322-SVK (N.D. Cal.) (filed May 4, 2021).

11. Twelve of these 13 actions have been deemed related and are pending before the Honorable Edward J. Davila. *See Brown*, No. 5:21-cv-01155-EJD, at Dkt. Nos. 11, 18, 19, 29, 33,

43, 51. A Motion to Consolidate the cases pending in this District is pending before Judge Davila. *Id.*, at Dkt. No. 37.

12. There are also multiple actions pending in other United States District Courts relating to the Security Incident, some of which name only Accellion's FTA customers, and one of which names both Accellion and its customer The Kroger Co. ("Kroger"). *See Jones v. The Kroger Co.*, No. 1:21-cv-00146 (S.D. Ohio) (filed Mar. 3, 2021); *Govaert v. The Kroger Co.*, No. 1:21-cv-00174 (S.D. Ohio) (filed Mar. 3, 2021); *Doty v. The Kroger Co.*, No. 1:21-cv-00198 (S.D. Ohio) (filed Mar. 23, 2021); *Abrams v. The Kroger Co.*, No. 1:21-cv-00198 (S.D. Ohio) (filed Apr. 7, 2021); *Buck v. The Kroger Co.*, No. 1:21-cv-00279 (S.D. Ohio) (filed Apr. 19, 2021); *Martin v. The Kroger Co. and Accellion, Inc.*, No. 5:21-cv-00717 (S.D. Ind.) (filed Mar. 23, 2021); *Angus v. Flagstar Bank FSB*, No. 2:21-cv-10657 (E.D. Mich.) (filed Mar. 25, 2021); *Garcia v. Flagstar Bank FSB*, No. 2:21-cv-10671 (filed Mar. 26, 2021); *Burdick v. Flagstar Bank, FSB*, No. 2:21-cv-10786 (E.D. Mich.) (filed Apr. 7, 2021).

13. There is a pending Motion before the Judicial Panel on Multidistrict Litigation ("Panel") to Transfer and Consolidate all of the foregoing cases to Judge Davila in the Northern District of California ("MDL Motion"). *See In re Accellion, Inc., Customer Data Sec. Breach Litig.*, MDL No. 3002, at Dkt. No. 1. The MDL Motion is scheduled for Panel hearing on May 27, 2021. *Id.*, at Dkt. No. 10.

## IV.  THIS COURT HAS ORIGINAL DIVERSITY JURISDICTION OVER THE REMOVED ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

14. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has original diversity jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

15. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This action is a putative "class action" under CAFA because it is brought under California Code of Civil Procedure § 382, and accordingly, it is a "civil action filed under . . . [a] State statute or rule . . . authorizing an action

to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶¶ 14, 118.[1]

16. CAFA extends a federal district court's original diversity jurisdiction to any civil action styled as a class action in which: (1) "the number of members of all proposed plaintiff classes in the aggregate" is 100 or more; (2) "the matter in controversy" reached by aggregating all the individual putative class members' claims "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State" (*i.e.*, minimal diversity is satisfied). 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

17. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal."). Accellion need only provide "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the jurisdictional requirements of CAFA are satisfied. *See Dart Cherokee*, 574 U.S. at 87, 89; *Vasquez v. Blue Cross of Cal.*, No. CV 15-02055 BRO, 2015 WL 12552058, at *2 (C.D. Cal. Apr. 17, 2015) ("[T]he short and plain statement language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations[.]" (internal quotation marks and citation omitted)).[2]

18. Therefore, while Accellion denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members, and Accellion expressly reserves all of its rights—including, but not limited to, its right to file motions challenging the pleadings—each of the jurisdictional requirements of CAFA is satisfied here.

---

[1] By filing this Notice of Removal, Accellion in no way concedes that Plaintiff's claims and alleged putative class may be certified for class treatment pursuant to Federal Rule of Civil Procedure 23.

[2] Accellion reserves the right to provide evidence in support of jurisdiction should Plaintiff move for remand. *See Dart Cherokee*, 574 U.S. at 88 (emphasizing that if, after removal, the plaintiff contests that CAFA's jurisdictional requirements are satisfied, then "both sides submit proof and the court decides, by a preponderance of the evidence").

5

### A. The Putative Class Exceeds 100 Members

19. First, the Complaint meets CAFA's requirement that the putative class exceed 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff's putative class is described broadly as "[a]ll California residents whose PII/PHI was subjected to the" Security Incident. Compl. ¶ 118. The Complaint asserts that Health Net "filed a notice with the U.S. Department of Health and Human Services Office for Civil Rights indicating a 'Hacking/IT Incident' of unsecured protected health information of tens of thousands of individuals," and notes that "Health Net of California reported that the breach affected 523,709 individuals, Health Net Life Insurance Company reported the breach affected 16,637 individuals, Health Net Community Solutions reported that the breach affected 686,556 individuals and California Health & Wellness Solutions reported that the breach affected 80,138 individuals." *Id.* ¶ 94.

20. Based on these allegations alone, CAFA's requirement that the putative class exceed 100 members is satisfied. *See, e.g.*, *Peralta v. Countrywide Home Loans, Inc.*, No. C 09–3288 PJH, 2009 WL 3837235, at *3 (N.D. Cal. Nov. 16, 2009) ("The requirement of 100 persons or more is satisfied here, as plaintiffs allege that they 'are informed and believe that the entire Class consist[s] of approximately tens of thousands of individuals residing in California.'" (alteration in original)); *Feinberg v. Azoogleads, US, Inc.*, No. C 09-02314 JW, 2009 WL 10695726, at *2 n.3 (N.D. Cal. Nov. 3, 2009) ("CAFA's class-size requirement is satisfied because the Complaint alleges that the class is estimated to have thousands of individuals and other entities.").

### B. The Amount in Controversy Exceeds $5,000,000

21. Second, while Accellion does not concede and expressly denies that Plaintiff or members of the putative class are entitled to the damages sought in this action, for jurisdictional purposes CAFA's amount in controversy requirement is satisfied. *See, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation' . . . [it] does not mean likely or probable liability; rather, it refers to possible liability." (citation omitted)); *see also Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint,

1  not what a defendant will *actually* owe." (citations omitted)). In assessing the amount in contro-
2  versy, the Court "assume[s] that the allegations of the complaint are true and assume[s] that a jury
3  will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp.,*
4  *Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (internal quotation marks and citation omitted).
5  "Among other items, the amount in controversy [pursuant to CAFA] includes damages (compen-
6  satory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees
7  awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899
8  F.3d 785, 793 (9th Cir. 2018). Applying these precepts, Plaintiff's allegations here establish that
9  the amount in controversy exceeds $5,000,000 in aggregate for the entire putative class, exclusive
10 of costs and interest, as required by CAFA. *See* 28 U.S.C. § 1332(d)(6).

11        22.   Plaintiff has filed an 11-count Complaint against Defendants seeking far-ranging
12 relief, including, for example, damages for the "deprivation of the value of their PII/PHI." Compl.
13 ¶ 190. Plaintiff alleges that "unsecured protected health information of tens of thousands of indi-
14 viduals" was affected, states that "Health Net's notice to the HHS indicates that over one million
15 individuals were affected by the Data Breach," and seeks to represent all of the California residents
16 in that population. Compl. ¶¶ 94, 118, 120. Even if the putative class were on the very low end of
17 Plaintiff's estimate—50,000 people—the amount in controversy per person would need to be ever
18 so slightly over $100 to exceed the $5,000,000 threshold.

19        23.   Plaintiff's demand plainly exceeds that threshold here. To begin, Plaintiff's prayer
20 for relief includes specific requests for statutory damages of $1,000 per putative class member and
21 punitive damages of up to $3,000 per putative class member pursuant to the CMIA, Cal. Civ. Code
22 § 56.36(b). *See* Compl. ¶ 144. Plaintiff's prayer for relief also includes requests that the Court
23 order Defendants to, *inter alia*, provide identity theft monitoring and insurance for the putative
24 class, implement unspecified data security measures to protect class members' PII/PHI, and issue
25 notice to class members regarding the risks of exposure of their personal information and steps
26 they should take to protect themselves. Compl. ¶ 192. Given that Plaintiff alleges that there are at
27 least tens of thousands of putative class members, the amount in controversy based on Plaintiff's
28 demand easily exceeds CAFA's $5,000,0000 threshold.

24. Again, Accellion denies any and all liability and contends that Plaintiff's allegations are entirely without merit. However, for purposes of this Notice of Removal, taking Plaintiff's factual allegations as true and legal allegations as viable, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies CAFA's amount in controversy requirement. *See* 28 U.S.C. § 1332(d)(2).[3]

### C.  Minimal Diversity Exists

25. Finally, minimal diversity exists. Removal pursuant to CAFA requires only minimal diversity, meaning, as relevant here, that the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant" or the plaintiff or "any member" of the putative class is "a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2); *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

26. The Complaint identifies the citizenship of the named Defendants as follows:

- Accellion is incorporated in Delaware and maintains headquarters in California. *See* Compl. ¶ 18.

- Health Net, LLC is incorporated in Delaware and maintains "dual headquarters" in Missouri and California. Compl. ¶ 19.

- Health Net of California, Inc. is incorporated in California and maintains "dual headquarters" in Missouri and California. Compl. ¶ 20.

- Health Net Life Insurance Company is incorporated in California and maintains "dual headquarters" in Missouri and California. Compl. ¶ 21.

- Health Net Community Solutions, Inc. is incorporated in California and maintains "dual headquarters" in California and Missouri. Compl. ¶ 22.

- Centene is incorporated in Delaware and maintains headquarters in Missouri. Compl. ¶ 24.

---

[3] Accellion reserves the right to substantiate these examples with additional evidence and to establish that other aspects of Plaintiff's claims, damages theories, and prayer for relief also establish that an excess of $5,000,000 is in controversy, should Plaintiff challenge this removal in a motion to remand.

27. Plaintiff asserts that he is "a citizen of California" who resides in Sacramento, California. Compl. ¶ 17. He seeks to represent a class of "California residents." *Id.* ¶ 118.

28. For jurisdictional purposes, Defendant Centene is a citizen of Delaware and Missouri, and is not a citizen of California. *See* Compl. ¶ 24; 28 U.S.C. § 1332(c)(1). Therefore, minimal diversity exists between Plaintiff, a California citizen, and Centene. 28 U.S.C. § 1332(d)(2).

29. Additionally of note, the Complaint does not mention the state *citizenship* of the putative class members, and instead names "California residents." Compl. ¶ 118. Thus, putative class members could be citizens of *any* state or subjects of *any* nation as long as they reside in California or otherwise meet Plaintiff's putative class definition. *See, e.g.*, *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th Cir. 2018) ("A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile [is] in California."); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("That a [putative class member] may have a residential address in California does not mean that person is a citizen of California."). Therefore, while Plaintiff's and Centene's citizenship alone satisfies CAFA's minimal diversity requirement, it is very likely that at least one additional putative class member is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2).

30. Accordingly, CAFA's minimal diversity requirement is satisfied.

*       *       *

31. For the foregoing reasons, each of CAFA's three requirements—100 or more putative class members, a greater than $5,000,000 amount in controversy, and minimal diversity—are satisfied, and this action is properly removed under CAFA.

## V. THIS COURT IS THE PROPER VENUE

32. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff filed the action: Santa Clara County, California. *See* 28 U.S.C. § 84(a).

## VI. ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

33. **All Process, Pleadings, and Orders Are Attached Hereto.** Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Accellion in this action are attached hereto. *See* Exhibits 1–15.

34. **No Consent to Removal is Necessary.** Accellion is not the sole defendant named or identified in the Complaint. However, pursuant to 28 U.S.C. § 1453(b), a class action "may be removed by any defendant without the consent of all defendants." *Id.*; *see also Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (emphasizing that a "CAFA-covered class action may . . . be removed by any defendant without the consent of co-defendants" (citing 28 U.S.C. § 1453(b)). Nevertheless, Accellion understands that no defendant objects to removal.

35. **Notice is Being Provided Forthwith.** Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, the undersigned will promptly give written notice of such filing to Plaintiff through his counsel of record, and file a true and correct copy of this Notice of Removal and all documents attached hereto with the Clerk of the Superior Court of California for the County of Santa Clara.

**WHEREFORE** Accellion hereby removes the above-captioned action from the Superior Court of California for the County of Santa Clara and requests that further proceedings be conducted in this Court as provided by law.

DATED: May 7, 2021

LATHAM & WATKINS LLP
By: */s/Michael H. Rubin*
    Michael H. Rubin (CA Bar No. 214636)
    michael.rubin@lw.com
    Melanie M. Blunschi (CA Bar No. 234264)
    melanie.blunschi@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111-6538
    Telephone: +1.415.391.0600

Facsimile: +1.415.395.8095

*Attorneys for Defendant Accellion, Inc.*